**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                          No. 01-4634

JUAN WALKER,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-01-19)

Submitted: January 23, 2002

Decided: February 8, 2002

Before NIEMEYER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

G. Ernest Skaggs, SKAGGS & SKAGGS, Fayetteville, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Samuel D. Marsh, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Juan Walker pled guilty to one count of distributing heroin in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2001), and was sentenced to a term of fifty-seven months imprisonment. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising as a potentially meritorious issue the district court's failure to find that he had a minimal role in the heroin conspiracy in which he participated. *U.S. Sentencing Guidelines Manual* § 3B1.2 (2000). Walker has been notified of his right to file a pro se supplemental brief, but has not filed a brief. We affirm the conviction and sentence.

The probation officer did not recommend an adjustment for a mitigating role and Walker made no objection to the presentence report in the district court. We therefore review the district court's treatment of Walker's role in the offense for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993). The defendant has the burden of showing by a preponderance of the evidence that he is entitled to a mitigating role adjustment. *United States v. Akinkoye*, 185 F.3d 192, 202 (4th Cir. 1999), *cert. denied*, 528 U.S. 1177 (2000). This court has held that a defendant who sells drugs does not have a minor role in a drug conspiracy. *United States v. Brooks*, 957 F.2d 1138, 1149 (4th Cir. 1992). Therefore, the district court did not plainly err in failing to find that Walker had a minimal role.

In accordance with the requirements of *Anders*, we have reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. We deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's

motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*